UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

July 10, 2025

LETTER TO ALL COUNSEL OF RECORD

Re: *Matthew E. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
    Civil No. 24-2166-DRM

Dear Counsel:

On July 26, 2024, Plaintiff Matthew E. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 13, 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on January 23, 2014, alleging a disability onset of June 30, 2009. Tr. 269-74, 1224. Plaintiff's claims were denied initially and on reconsideration. Tr. 117, 136. On August 30, 2016, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-69. Following the hearing, on September 7, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 6-19. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, and Plaintiff then appealed to this Court on August 8, 2017, Tr. 804-11. This Court remanded Plaintiff's case on August 27, 2018, to the Commissioner for further consideration pursuant to 42 U.S.C. § 405(g). Tr. 812-17. The Appeals Council remanded Plaintiff's case to an ALJ for further proceedings. Tr. 843-47.

On June 11, 2019, a second ALJ held another hearing. Tr. 746-64. On June 28, 2019, that

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on July 26, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

ALJ concluded that Plaintiff was not disabled. Tr. 723-37. Plaintiff filed a second appeal with this Court, and this Court remanded the case to the Commissioner for further consideration on October 30, 2020. Tr. 1060-64. On September 15, 2021, a third ALJ held a third hearing, Tr. 998-1035, and on September 27, 2021, the ALJ determined that Plaintiff was not disabled for the third time. Tr. 964-87. Plaintiff filed a third appeal with this Court, and this Court remanded the case to the Commissioner for further consideration on October 21, 2022, pursuant to the parties' consent. Tr. 1324-25. On March 12, 2024, a fourth hearing was held before a separate ALJ. Tr. 1256-91. On May 16, 2024, the ALJ determined that Plaintiff was not disabled for the fourth time. Tr. 1221-45. The fourth ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a), which will be discussed herein.

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 23, 2014, the application date." Tr. 1227. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbar spondylosis and facet joint syndrome; obesity; Tourette's syndrome; paranoid schizophrenia; bipolar disorder; generalized anxiety disorder; depression; antisocial personality disorder; post-traumatic stress disorder; and organic brain syndrome." Tr. 1227. The ALJ also determined that Plaintiff suffered from the non-severe impairments of diabetes mellitus, hypertension, right eye blindness, sinusitis, headaches, and substance abuse disorder. Tr. 1227-28. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1228. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except with the following limitations: no crawling or climbing of ladders, ropes or scaffolds; no more than occasional exposure to non-weather temperature extremes of heat or cold or to vibration, and no exposure to hazards, as those are defined in the DOT/SCO; can understand, remember and carry out simple instructions; no work that requires a specific production rate pace, such as assembly line work or an hourly production

> quota; can deal with occasional changes in a routine work setting; no contact with the public; no more than occasional interaction with co-workers and supervisors; and no more than occasional talking, as that term is defined in the DOT/SCO.

Tr. 1231. The ALJ determined that Plaintiff has no past relevant work but could perform jobs that exist in significant numbers in the national economy. Tr. 1243. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1244.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises one argument on appeal, specifically that "the ALJ erred by disregarding Plaintiff's subjective complaints based on their alleged inconsistency with the objective medical evidence in the record." ECF No. 13, at 8-22; ECF No. 16, at 1-2. Defendant counters that the "ALJ properly considered Plaintiff's subjective statements about his symptoms in finding them not entirely consistent with the record." ECF No. 15, at 6-16.

When evaluating a claimant's subjective complaints, ALJs use the two-step analytical framework set forth in 20 C.F.R. § 404.1529 and described in Social Security Ruling ("SSR") 16-3p. *See Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)). Step one of this process requires an ALJ to determine whether a "medically determinable impairment" exists that could "reasonably be expected to produce the claimant's alleged symptoms."[3] *Id.* (quoting *Arakas*, 983 F.3d at 95). At the second step, the ALJ assesses "the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain," a claimant may "rely exclusively on subjective evidence" at the second step. *Id.*

---

[3] A "symptom" is a claimant's "own description or statement of [their] physical or mental impairment(s)." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

(quoting *Arakas*, 983 F.3d at 96). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). The Fourth Circuit extended *Arakas*, which related to discounting subjective symptoms of fibromyalgia, to that of Major Depressive Disorder ("MDD"). *Shelley C. v. Comm'r, Soc. Sec. Admin.*, 61 F.4th 341, 361 (4th Cir. 2023).

Here, the ALJ erred in their assessment at the second step of this process. At the first step, the ALJ acknowledged Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[.]" Tr. 1232. But at the second step, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 1232. This case is, as Plaintiff argues, analogous to *Shelley C.* In *Shelley C.*, the Fourth Circuit remanded to the Commissioner because the ALJ failed to account for the claimant's subjective complaints and the claimant "was entitled to rely on the subjective evidence to demonstrate that her pain was sufficiently persistent and severe to support a disability finding." 61 F.4th at 360. The Fourth Circuit held that "because of the unique and subjective nature of MDD, subjective statements from claimants should be treated as evidence *substantiating* the claimant's impairment." *Id.* at 361 (internal citation omitted) (emphasis in original). The court held that, "[b]ecause the ALJ improperly increased *Shelley C.*'s burden of proof, in requiring that her subjective statements be validated by objective medical support, we must find error." *Id.* at 362 (internal citation omitted).

The Court now finds that the ALJ erred in discounting Plaintiff's subjective complaints as inconsistent with the record's medical evidence. The ALJ cannot dismiss Plaintiff's subjective complaints based entirely upon the belief that they were not corroborated by the record's medical evidence. *Shelley C.*, 61 F.4th at 360 (internal citation omitted) ("The Fourth Circuit has long held that while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity."). The ALJ here failed to adequately account for Plaintiff's subjective complaints. For example, Plaintiff testified, as to his mental impairments, that:

> depression affects him daily and that he does not feel rested in the morning and has little desire to do anything. He testified that he has long term and short-term memory issues. He testified that his biggest impediment to employment is his lack of focus and concentration. He stated that he tried to work cutting grass in 2023 but could not handle it or follow orders. He testified that he is prescribed medications and does not have any difficulty remembering to take them. He testified that he does not like to be around people because it makes him nervous but, if he has to, he is able to go to stores weekly. He testified that he has Tourette's syndrome and has a lot of daily tics, such as reoccurring thoughts, repeating himself, and repetitiveness.

Tr. 1232.  The ALJ improperly discounted Plaintiff's subjective complaints, therefore providing an inadequate explanation as to the inconsistencies in the record.  *Lasharne W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-2603, 2023 WL 2414497, at *4 (D. Md. Mar. 8, 2023) (referring to *Shelley C.*, 61 F.4th at 360) ("The ALJ improperly ignored the waxing and waning nature of depression symptoms by citing only to treatment notes where the claimant was stable and by omitting evidence of the claimant's subsequent periods of intense depression symptoms.").

The Court finds that substantial evidence does not support the ALJ's conclusion that Plaintiff's activities of daily living "appear inconsistent with debilitating symptoms that would prevent [Plaintiff] from performing the limited range of work activity prescribed in the residual functional capacity and, *absent any objective medical findings that offer convincing support for the severity of symptoms or limiting effects alleged*, appear to support a degree of functioning that is inconsistent with his allegations."  Tr. 1233 (emphasis added).  This statement is in direct contravention of *Arakas* and *Shelley C.*  Instead, Plaintiff may "rely exclusively on subjective evidence" at the second step and "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'"  *Oakes*, 70 F.4th at 215 (quoting *Arakas*, 983 F.3d at 96).

The ALJ's error is evident throughout the ALJ's decision.  For example, the ALJ noted that during a consultative examination in April 2014, Plaintiff "endorsed depressed mood, loss of interest in activities, irritability, and loss of energy, and he had depressive symptoms three to four times a month, and they lasted one day to one week."  Tr. 1236.  The ALJ observed, however, that Plaintiff's "mental status evaluation showed that he was alert and oriented x4 with unremarkable speech," and he "demonstrated adequate attention and concentration[.]"  Tr. 1236.

The ALJ observed that during a psychiatric evaluation in June 2016, Plaintiff reported he had been in the emergency room the week before due to anxiety and suicidal ideation with no plan or intent; he was homeless; he was not prescribed any medications; that "he sometimes had a sad mood, but it was not the issue"; he "reported decreased concentration and memory, motivation, suicidal thoughts without plan or intent, anxiety/worry, and social isolation"; he did not like leaving home, and had anxiety episodes.  Tr. 1237.  The ALJ observed, however, that Plaintiff's mental status examination showed Plaintiff "had a normal affect, behavior, and thought organization" and "was cooperative but very anxious."  Tr. 1237. Moreover, during the psychiatric evaluation, Plaintiff "was noted to have marked impairment with family, work/school, peer relationships, and financial situation, and severe impairment with impulse control[.]"  Tr. 1237. The ALJ appears to discount these findings as "based on [Plaintiff's] subjective complaints and reporting of symptoms, as no explanation for the marked limitations is provided."  Tr. 1237.

Moreover, during a July 2016 medication management appointment, Plaintiff "reported he had been hospitalized in March 2016 for suicidal ideation and was prescribed medication, but he stopped taking them."  Tr. 1237.  The ALJ observed, however, that a "mental status evaluation revealed [Plaintiff] was well groomed and cooperative with ok and calm mood/affect, normal speech, grossly intact attention/concentration, logical and goal directed thought processes, and no

suicidal or homicidal ideation." Tr. 1237.

After examining the objective medical evidence, the ALJ found that Plaintiff's "allegations as to the intensity and limiting effects of his mental impairments are not fully consistent with the medical evidence of record." Tr. 1239. The ALJ then proceeded to discount Plaintiff's depressive symptoms:

> While the claimant has a history of mental impairments, his treatment had been sporadic prior to 2022 and then, after he began Suboxone treatment and consistent medication management and compliance, the record reveals that his anxiety improved, and his tics were controlled. Further, *although he had some exacerbations of symptoms and had two hospitalizations during his period of only intermittent mental health treatment and prescribed medications prior to 2022, the consultative examinations in 2011 and 2016, while revealing some tics, did not reveal any significant behavioral abnormalities or memory or concentration issues, and regular treatment visits, while revealing some tics at some visits, revealed normal mood and affect.*

Tr. 1239 (emphasis added). Moreover, the ALJ noted that Plaintiff "reported fluctuating symptoms but mental status evaluations, while occasionally noting some decreased attention and concentration, did not reveal any significant behavioral abnormalities or cognitive deficits[.]" Tr. 1239. The ALJ cannot discount Plaintiff's reported, subjective symptoms with normal evaluations. *See India G. v. Kijakazi*, No. DLB-20-1704, 2021 WL 3930430, at *3 (D. Md. Sept. 1, 2021) (Even if such evaluations were normal, "the Fourth Circuit noted [in *Arakas*] that normal, objective clinical and laboratory results are not inconsistent with allegations of disabling pain.").

Because the ALJ improperly increased Plaintiff's burden of proof, in effectively requiring that his subjective statements be validated by objective medical support, the Court must find error. *Towanna G. v. Kijakazi*, No. 21-1711-BAH, 2022 WL 4017417, at *4 (D. Md. Sept. 2, 2022) (finding that the ALJ erred by "fail[ing] to adequately explain how or why other evidence in the record [was] more credible" than the plaintiff's testimony). Furthermore, the ALJ's decision to disregard Plaintiff's subjective statements concerning the intensity, persistence, and limiting effects of his symptoms is unsupported by substantial evidence when the ALJ found they were inconsistent with the medical evidence in the record. Thus, I am unable to find that the ALJ's determination is supported by substantial evidence and find that remand is required.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V. <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's

*Matthew E. v. Bisignano*
Civil No. 24-2166-DRM
July 10, 2025
Page 7

judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

                                                          Sincerely,

                                                          /s/

                                                        Douglas R. Miller
                                                        United States Magistrate Judge